ROBERT BURD, EX REL BENJAMIN R. FOGEL, PETITIONER, *v.* COM-
MISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 29035.   Promulgated April 28, 1930.

*Benjamin R. Fogel* pro se.
*J. E. Marshall, Esq.*, for the respondent.

OPINION.

BLACK: In cases of this character, where the taxpayer makes no returns and refuses to make a statement to the investigating revenue agent, the Government must resort to any other information it may find and base its determination of income thereon. That was done in this case, resulting in the discovery of the bank deposits upon which the deficiencies are based. The Board has in a number of cases approved deficiencies determined from bank deposits of the taxpayer. *E. M. Green*, 11 B. T. A. 185; *Edgar P. Haney and Wife*, 5 B. T. A. 1039; *J. E. Strong*, 6 B. T. A. 417.

The determination of the respondent is prima facie correct and the burden is upon the petitioner to establish his correct income for the

years involved. *E. M. Green, supra; E. Muelhoefer & Son,* 4 B. T. A. 586; *F. G. Bishoff,* 6 B. T. A. 570; *McAnelly Hardware Co.,* 9 B. T. A. 361; *Pennant Cafeteria Co.,* 5 B. T. A. 293.

The petitioner contends that the money deposited to his credit in bank really belonged to the Penn Distilling Co., with the exception of a possible 5 per cent thereof which represented his own funds, and that the most of the property purchased by him and put in his wife's name belonged to Herman D. Jaffe, a business associate. Beyond his mere indefinite statements at the hearing, there is not a scintilla of evidence to corroborate him. Jaffe did not testify. Jaffe was a real estate agent and interested in the Penn Distilling Co., and was under investigation by revenue agents at the same time petitioner was. No documentary evidence of any kind relative to the real estate transactions or bank account was introduced by petitioner. In his petition, petitioner does not assign as error that respondent taxed his bank deposits, but complains that respondent failed to make proper allowances for withdrawals and other legal deductions. On the hearing, he offered no sufficient evidence of withdrawals or deductions, but merely stated that he frequently deposited several thousand dollars one day and drew it out the next. Purposes and amounts were not given.

When we consider that petitioner kept his bank account under an assumed name, that he purchased property of the aggregate value of $340,000 in addition to the 17 two-family residences, and had it placed in his wife's name, and had his garage business transferred to her, in connection with his failure to make returns, and his refusal to make a statement to the revenue agent, it is plain that the purpose was to conceal the source of his income and evade taxes. Such a state of facts rarely happens, it is designed. *M. Rea Gano,* 19 B. T. A. 518.

We are not convinced by petitioner's testimony. He has failed to show what his correct income was for the years 1922 and 1923, and has admitted the deficiency for 1919. Under the circumstances the deficiencies, penalties, and interest as determined by respondent are approved.

*Judgment will be entered under Rule 50.*